# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1968
Lower Tribunal No. 21-2723-CA-01
_____

**Security First Insurance Company,**
Appellant,

vs.

**Michael Moreno, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Orr | Cook, and Michael Fox Orr and Loreyn P. Raab (Jacksonville), for appellant.

Cassel & Cassel, P.A., and Michael Cassel (Hollywood), for appellees.

Before SCALES, C.J., and FERNANDEZ and LOBREE, JJ.

SCALES, C.J.

In this first-party insurance case, appellant Security First Insurance Company ("Security First") appeals a final judgment rendered after a jury verdict in favor of its insureds, appellees Michael and Katherine Moreno ("the Morenos"), on the Morenos' breach of contract claim. Security First claims that the trial court erred by denying its motion for a directed verdict on the issue of whether the Morenos gave Security First "prompt notice" of their Hurricane Irma loss under the terms of the parties' all-risk property insurance policy. Because the undisputed trial evidence established that the Morenos' claim notice – sent some two and half years after the Morenos discovered water damage – was untimely, we reverse the final judgment and remand for a new trial solely on the secondary issue that the jury did not reach in rendering its verdict: whether the Morenos' untimely notice of their Hurricane Irma loss prejudiced Security First.

## I.      Relevant Background

On September 10, 2017, the Morenos' insured property was purportedly damaged by Hurricane Irma. The Morenos reported the loss to Security First on April 22, 2020. Security First opened a claim, sent the Morenos a reservation of rights letter that requested additional information, and hired an engineering firm to inspect the property.

While Security First's engineer's report concluded a portion of the claimed damage was caused by Hurricane Irma, Security First explained to the Morenos that, by its estimate, the loss ($2,087.40) was below the policy's $6,000 windstorm deductible. Security First's letter to the Morenos explained that the other damages claimed by the Morenos were not caused by Hurricane Irma and/or were otherwise excluded from coverage under the policy. Finally, the letter provided the following: "By investigating your claim and sending this letter, Security First Insurance has neither waived nor intends to waive any legal or policy terms, conditions, rights, provisions or requirements."

On February 3, 2021, the Morenos filed the instant, first-party insurance action against Security First in the Miami-Dade County circuit court. The Morenos' complaint alleged that Security First had breached the parties' all-risk property insurance policy by not fully compensating them for the loss to their property. In its amended answer and affirmative defenses, Security First raised several coverage defenses, including that the Morenos had forfeited coverage for their loss by failing to provide it "prompt notice" of the loss[1] and that the damages claimed by the Morenos were excepted from

---

[1] The policy provided, in relevant part:

**SECTION I – CONDITIONS**

3

coverage by certain policy exclusions (i.e., wear and tear and deterioration, defective design or construction, and/or lack of maintenance).

The lower court conducted a three-day jury trial in April 2024, which centered on Security First's coverage defenses. As to the cause of the loss, the parties presented competing expert testimony as to whether the claimed damages resulted from Hurricane Irma. This opinion need not recite their entire testimonies. For our purposes, it is sufficient to state that the Morenos' expert engineer testified that the claimed damages were caused by Hurricane Irma; whereas, Security First's expert engineer testified that the claimed damages were not caused by Hurricane Irma. The parties also presented competing testimony through other witnesses as to the scope of the repairs required to restore the property and the cost of repairing the claimed damages.

---

**2. Your Duties After Loss.**

In case of a loss to covered property, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

a. Give prompt notice to us or our agent . . .

4

As to Security First's coverage defense that the Morenos had failed to give it "prompt notice" of the loss, Michael Moreno gave the only relevant testimony. Mr. Moreno testified that before Hurricane Irma made landfall, he never observed any water leaks in the home. After the hurricane passed by his home, Mr. Moreno walked around the exterior of his home and saw a few roof tiles on the ground and saw that the fence on the property had blown over. Mr. Moreno used a ladder to reach the portion of the roof covering the garage and removed several dislodged tiles. At that time, he observed no water damage inside the home.

Two months later, in November 2017, however, Mr. Moreno noticed several water stains on the garage ceiling, and a separate water stain on the family room ceiling near the door that connects to the garage. On seeing the water stains, he placed a tarp on the portion of the roof covering the garage to prevent any further damage. This was the only remedial measure ever taken by Mr. Moreno to address the roof or the water stains. Yet the water stains inside the home grew over time. Mr. Moreno testified that, "[i]t does get bigger when there's a lot of wind, there's a storm with a lot of wind, then there is some damage, some water that comes in." Moreover, three to four months after seeing the first set of water stains, he observed a new water stain on the living room ceiling. Mr. Moreno testified that he waited over two

5

years to report the loss to Security First because he "had personal family, personal issues going on."

At the close of the Morenos' case, and again, at the close of Security First's case, Security First moved for a directed verdict on the policy's prompt notice provision. The trial court denied a directed verdict, finding there was a jury question on the prompt notice defense.

The trial court instructed the jurors and provided them a special verdict form agreed to by the parties. In the special verdict form, the jury answered "YES" to the question asking whether the Morenos' property had suffered a direct loss during the policy period from Hurricane Irma. On separate line items, the jury addressed each of Security First's coverage defenses. As to the prompt notice defense, the jury answered "NO" to the question: "Did Defendant prove by the greater weight of the evidence that Plaintiffs, Mr. and Mrs. Moreno, did not give prompt notice of their loss to Defendant, Security First." Because the jury answered "NO" to this question, the jury did not reach the next question asking whether the Morenos had proved that Security First was not prejudiced by their failure to give prompt notice. The jury then answered "NO" to separate questions asking whether Security First had proven that the claimed damages resulted from a policy exclusion – i.e., wear

and tear or deterioration, defective design or construction, or lack of maintenance.

The jury's verdict awarded the Morenos $47,500, an amount significantly less than that requested by the Morenos. On October 3, 2024, the trial court entered the challenged final judgment in accordance with the jury verdict but reduced the damages award to $40,500 to account for the policy's deductible and to conform to the evidence. The court added $9,969.42 in prejudgment interest.

Security First then filed a motion renewing its motion for a directed verdict. The trial court denied the renewed directed verdict motion and Security First timely appealed the resulting judgment.

## II.    Analysis[2]

In this appeal, Security First does not challenge the jury's determination that the Morenos' property suffered a direct loss during the

---

[2] "A trial court should grant a motion for directed verdict when the evidence, viewed in the light most favorable to the non-moving party, shows that a jury could not reasonably differ about the existence of a material fact and the movant is entitled to judgment as a matter of law." Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So. 3d 247, 250 (Fla. 4th DCA 2009). An appellate court, on *de novo* review, should reverse a trial court's denial of a motion for directed verdict if no reasonable view of the evidence – when viewed in the light most favorable to the non-moving party – could sustain a verdict in favor of the non-moving party. JD Dev. I, LLC v. ICS Contractors, LLC, 351 So. 3d 57, 61-62 (Fla. 2d DCA 2022).

policy period from Hurricane Irma. Nor does Security First challenge the jury's determinations that Security First failed to prove that the loss was excluded from coverage by policy exclusions for wear and tear or deterioration, defective design or construction, or lack of maintenance. Rather, Security First challenges only the trial court's denial of its directed verdict motion regarding whether the Moreno's claim notice was timely.

This Court has interpreted the insurance policy phrase "prompt notice" to mean that notice should be provided "with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." Laquer v. Citizens Prop. Ins. Corp., 167 So. 3d 470, 474 (Fla. 3d DCA 2015) (quoting Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co., 599 Fed. Appx. 875, 879 (11th Cir. 2015)). Stated another way, "[n]otice is necessary when there has been an occurrence that should lead a reasonable and prudent [person] to believe that a claim for damages would arise." Id. (quoting Ideal Mut. Ins. Co. v. Waldrep, 400 So. 2d 782, 785 (Fla. 3d DCA 1981)). While generally a question of fact for the factfinder, see id., we conclude that, under this case's facts and circumstances, as a matter of law, that the Morenos failed to promptly notify Security First of their Hurricane Irma loss.

Mr. Moreno's testimony established that he knew he had a claim for damages for at least two years before he reported the loss to Security First. Two months after Hurricane Irma passed through South Florida, he noticed water stains on the garage and living room ceilings. And, critical to our legal determination here, even after Mr. Moreno placed a tarp over the portion of the roof covering the garage, the water staining continued to worsen. Mr. Moreno acknowledged that the water stains got bigger when there was "a storm with a lot of wind," causing "some water that comes in," and a new water stain appeared on the living room ceiling. But Mr. Moreno still waited over two years to report the loss because he had "personal issues going on."

On these facts and circumstances, the Morenos' April 22, 2020 notice of the September 10, 2017 loss, as a matter of law, was not prompt and the trial court should have entered a directed verdict for Security First on this issue.[3] See Sec. First Ins. Co. v. Visca, 387 So. 3d 313, 320 (Fla. 4th DCA 2024) (concluding the insurer was entitled to a directed verdict on the first prong of the prompt notice analysis); accord Arce v. Citizens Prop. Ins. Corp.,

---

[3] We caution that this opinion is premised on the specific facts adduced at trial. As we have held, there are circumstances that will give rise to a jury question on whether an insured's delayed notice to his insurer, even a significant delay, is nevertheless "prompt." See, e.g., Castro v. Citizens Prop. Ins. Corp., 365 So. 3d 1203, 1207-08 (Fla. 3d DCA 2023); Laquer, 167 So. 3d at 474-75.

388 So. 3d 205, 209-10 (Fla. 3d DCA 2024) (concluding that the insurer was entitled to summary judgment on the first prong of the prompt notice analysis); <u>Navarro v. Citizens Prop. Ins. Corp.</u>, 353 So. 3d 1276, 1280 (Fla. 3d DCA 2023) (same).

We therefore reverse the final judgment and, because the jury did not reach the second prong of the two-part analysis as to prejudice, we remand for a new trial solely on the issue of whether Security First was prejudiced by the Morenos' failure to give Security First prompt notice of the loss. <u>See Visca</u>, 387 So. 3d at 320.[4]

Reversed and remanded for further proceedings consistent with this opinion.

---

[4] If the jury determines that the Morenos failed to rebut the presumption of prejudice, then Security First is entitled to a final judgment against the Morenos on its prompt notice coverage defense (i.e., the Morenos forfeited coverage under the policy). If, however, the jury determines that the Morenos proved that Security First was not prejudiced by their failure to give prompt notice of the loss, the trial court should reinstate the jury's verdict on the inapplicability of Security's First's policy exclusions and enter a judgment for the Morenos, awarding the Morenos the same damages awarded in the challenged judgment.

10